OPINION of the Court, by
Ch. J. Boyle.
This is a writ of error to a judgment for the defendant in an action of trespass. On the trial the plaintiff having exam'lne(l two witnesses, whose testimony, if true, tended to establish the charge as alleged in the declaration, the defendant, in order to discredit them, introduced a wit-«ess who swore that their general character was bad. The plaintiff then asked their character m point or veracity, but the court being ot opinion that the general character was the only admissible inquiry, forbid the witness to answer the question.
*269 Whether the court erred in their decision upon this point, is the only question presented by the assignment of error which seems material or necessary to be determined. We can see nothing in the inquiry proposed by the plaintiff and interdicted by the court, which wa^ impertinent or improper : on the contrary it appears to be better calculated than any more general inquiry can be, to elicit the truth and enable the jury correctly to estimate the credit due to the witnesses whose characters were assailed. It is an observation not less true than trite, that no one is entirely virtuous or entirely vicious. Such indeed is in general the preponderance of the virtue or vice of individuals, as to entitle them to the general character of good or of bad, but we cannot merely from knowing tyhat the general character is, say with certainty what vice or virtue enters into its composition. If, therefore, we would form a correct judgment of a man with regard to any particular vice or virtue, it is necessary we should be informed of his character in that particular respect. This is more especially necessary as it regards a man of bad character: for frequently a single vicious habit, and sometimes even a solitary vicious action, is sufficient in the common estimation of mankind to give to a person a general bad character. A person, therefore, whose general character is bad, may notwithstanding possess such a degree of veracity as to entitle him to credit upon oath ; and whether he does so or not, can only be ascertained by an inquiry into his character for truth. The court below therefore erred in prohibiting an inquiry into that point.
The judgment must be reversed with costs, and the cause remanded for new proceedings to be had not inconsistent with this opinion.