Chief Justice Robertson
delivered the Opinion of the Court.
This is an action for deceit in the sale of an unsound . _ horse.
On the trial, the Circuit Court permitted a witness to prove, that the wife of the defendant in the action had said that the horse was blind; and then refused to permit the defendant to prove the general character of that witness for truth.
The Judge seemed to think that, though what the wife had said in the absence of her husband, was not evidence of the fact of unsoundness, yet it was admissible as a circumstance tending to prove that the husband knew that the horse was unsound; and the reason suggested, for not permitting the proposed enquiry respecting the character *80 of the witness, was, that the only proper question was, what was her general character, not for truth merely, but for truth when she was under the sanction of an oath.
The wife cannot be a witness against the husband: still less, can her declarations be proved as evidence against him, even where they might conduce to prove a scienter, by shewing that she knew a particular fact, from which it might bo inferred, that he knew the same fact. To this general rule, there are exceptions: e.g\ whero she has acted as his agent, where he is bound by her acts, 4"c.
The general char acter of a witness may be proved, to destroy, or affect, his credibility; — so, of course, may his character for truth, or for truth when under oath. But the enquiry is not necessarily thus restricted.— It tnaybe, broadly, as to his general character.
*80 Both decisions are, in our opinion, erroneous.
First. If proof of the fact, that the wife had said or thought that the horse was blind, might have authorized the inference, that the husband had either communicated to her, or derived from her, a knowledge of the blindness, and was therefore apprised of it, still, we cannot perceive how her declaration could be admissible as proof against him, of even her own opinion respecting the condition of the horse. The scienter and the blindness were both equally indispensable to the maintenance of the action; and we cannot conceive how the wife’s statements could be admissible evidence as to the one, and inadmissible as to the other. If her opinion or knowledge be evidence of her husband’s opinion or knowledge, the proof of the fact, that she believed that the horse was blind, should, like the proof of any other material fact, be made out by competent evidence. ’And even were she as competent as a stranger, what she said when she was neither sworn nor examined, could, at the utmost, be only hearsay, and would be no more admissible than a similar declaration made by any other member of the family, or any confidential acquaintance of her husband. But there is a peculiar objection to the admissibility of her declarations: she could not have been a witness against her husband; and the reason for her incompetency as a witness would exclude her voluntary declarations ; unless they had been made whilst she was his agent, or in relation to a matter respecting which she had a right to bind him.
Second. Proof of the general moral character of a witness is admissible; because a witness whose moral character is bad, is not as credible as one whose moral character is good; and, as proof of general bad character is admissible only because it may create distrust as to the veracity of the witness, a fortiori, proof of his general bad character as a man of truth, would be more direct and satisfactory, and would be more likely to detract *81 from the credibility of his testimony. Perhaps he had never been a witness before, or had no general character for truth when testifying under the sanction of an oath; and if his only general character be that of an habitual liar, shall the fact not be proved? No jury would or should have as much confidence in the testimony of such a witness, as they would and should have in that of a person of habitual and undoubted veracity; for no speculation of philosophy is necessary to inform the common and practical mind, that he who has been established in the habit of uttering falsehood, will be more apt to mear falsely, than one whose undeviating habit has been that of scrupulous fidelity to the truth. The question propounded, and overruled by the court, was therefore proper. Noel vs. Dickey, 3 Bibb, 268, and Swift on Evidence, 143.
Wherefore, it is considered by the Court, that the judgment be reversed and the cause remanded for a new trial.