Mr. Justice Walker delivered the opinion of the Court. This is an action of trespass vi et armis against the husband and wife for an alleged trespass committed by the wife upon the person of the plaintiff. The general issue was pleaded; and a verdict and judgment for the plaintiff. The defendants moved the court for a new trial, which was refused; and the case is brought before us upon three distinct grounds of error. 1. That the Circuit Court erred in refusing to permit the defendant to interrogate two of the jurors, touching their preconceived opinions or interest in the suit, 2. That the court erred in overruling the defendant’s objection to certain evidence, and in permitting it to be given to the jury. 3. That the jury found contrary to the evidence and the instructions of the court. So far as the latter part of the third assignment of errors is relied upon, it may suffice to say thát, although the bill of exceptions refers to instructions, and makes them part of the bill, the record no where discloses such; and, of course, we cannot say whether they were; or were not, correctly given, or What influence they may have had upon the finding of the jury. And so far as regards the residue of the third assignment of errors, relative to the weight of evidence, and the verdict of the jury upon it, it may suffice to say that it was a question of mere weight of evidence, which it was the peculiar province of the jury to weigh and determine; and when such is the case, this court, as it has repeatedly held, will not, unless under very peculiar and extreme cases, reverse the decision of the Circuit Court for refusing to grant a new trial. Such is, by no means, the state of case before us, and,- upon this assignment, we find no error. Nor did the Circuit Court err in refusing to permit the defendant to interrogate the two jurors that had remained unchallenged until the sheriff had supplied the place of those previously challenged. It was a matter of discretion in practice, as to the time when the objection should be made, vested in the Circuit Court,- and in the exercise of which an appellate court should never interfere, unless it cut off the legal rights of the suitors altogether. As a general rule, an appellate court should never entertain error upon a mere question of discretion in matters of practice in the Circuit Court. The remaining question relates to the admissibility of the statements, and admissions of the husband and wife in evidence. The identity of interests which exist between husband and wife, and the importance of preserving the utmost security and confidence between them, which would be liable to constant invasion, if they could be called upon to depose against each other, or if their declarations or admissions could be used against each other, has given rise to a rule of long standing, which forbids that either the husband or wife, should be called to testify for or against each other. Hogden’s hrs. v. Hogden’s Devisees, 6 J. J. Marsh. 54. Under this rule, it was held in the case of Fitch v. Hall et al., 11 Mass. 287, “That where the husband is a party, the wife can not be a witness for or against him.” Not for him, because, as their interest is one, she may be expected to favor him: not against him, because it would be likely to promote disunion andunkindness between them. And so inviolable is this rule held, that in a case of murder a wife has been denied the liberty of testifying, even by consent of parties. Nor does time or circumstances change this rule; for, in a case where the fact, in regard to which she was called to testify, had occurred, and she subpoenaed as a witness before her marriage, it was held that she could not depose against her husband. Pedery v. Willebey, 3 Carr. & Payne 558. And where the matter of evidence arose during coverture, and the witness was called to depose with regard to it, alier divorce obtained, it was held that she should not be permitted to testify. Barnes v. Comak, 1 Barb. Sup. Ct. Rep. 239. And in the same case, the court, in reference to the same question,.said : “The testimony of the wife can never be received against her husband, except in proceedings against him, and on her behalf,” And if she could not have been a witness against her husband, the same rules of policy and reasoning would exclude her voluntary declarations. Tackett v. May, 3 Dana 80. “The wife’s confessions of a trespass committed by herself, could notbe given in evidence to affect her husband in an action in which he is liable for damages and costs.” Denn v. White, 7 Term Rep. 112. The Supreme Court of Alabama, in the case of Hussey and wife v. Elrod and wife, 2 Al. Rep. 339, in an action of trespass brought to recover damages for an assault and battery committed by the wife of the defendant upon the wife of the plaintiff, in which the admissions of the wife of the defendant were offered in evidence, held the rule to be that neither the husband nor the wife could be witnesses, either for or against each other, either in civil or criminal cases. And, in conclusion, the court said: “It would seem to follow th*t as the wife cannot give evidence, so neither can she charge her husband by an admission: for that would let in all the mischief which the rule is designed to prevent.” This is a case precisely in point, in which the whole question is presented and fully decided, upon reference to both English and American decisions; with the correctness of which we are satisfied; and from which it follows that the Circuit Court erred in overruling the objections of the defendant to the admissions of the husband and wife. And for this error, the judgment must be reversed, and the cause remanded with instructions to the Circuit Court, to grant a new trial to the defendants, and proceed to hear and determine the same according to law, and not inconsistent with the opinion herein delivered.